**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JOSEPH WELTY, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ERIC HINTEMEYER, Security Captain; )<br>MARTIN SWITZER, Major of the Guard; )<br>STEPHEN BUZAS, DSFM; and )<br>MICHAEL ZAKEN, Superintendent, )<br>)<br>Defendants. ) | Civil Action No. 23-151<br><br>District Judge W. Scott Hardy<br>Magistrate Judge Cynthia Reed Eddy |

**MEMORANDUM ORDER**

This matter comes before the Court on Plaintiff's Objections (Docket No. 9) to the Report and Recommendation ("R&R") (Docket No. 8) entered by Magistrate Judge Cynthia Reed Eddy on February 2, 2023. The R&R recommends the *sua sponte* dismissal of Plaintiff's Complaint (Docket No. 6) before service as malicious under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. (Docket No. 8 at 1, 4-5). Service of the R&R was made on Plaintiff by mail, and he was informed that any objections to same were due for unregistered users of CM/ECF by February 23, 2023. (*Id.* at 5). On February 14, 2023, Plaintiff filed his Objections to the R&R.[1] (Docket No. 9).

Plaintiff objects to Judge Eddy's recommendation that his Complaint be dismissed as malicious. (Docket No. 9 at 1-2). Judge Eddy notes in the R&R that, prior to filing this case, Plaintiff filed an identical lawsuit (*Welty v. Anderson*, Civil Action No. 2:22-cv-413-CRE (W.D. Pa. 2022) ("*Welty I*")) pertaining to the same events at issue in this case – an alleged assault at the

---

[1] On March 22, 2023, Plaintiff also filed a request to add 36 additional defendants to this lawsuit. (Docket No. 11).

1

prison on February 10, 2022.[2]  (Docket No. 8 at 2).  Plaintiff asserts in his Objections that he has "every right" to his claims here because the four Defendants in this action were also involved in the February 10, 2022 assault.  (Docket No. 9 at 1).

In resolving a party's objections, the Court conducts a *de novo* review of any part of the R&R that has been properly objected to.  *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1).  The Court may accept, reject, or modify the recommended disposition, as well as receive further evidence or return the matter to the magistrate judge with instructions.  *See id.*  Upon careful *de novo* review of the entire record, including Plaintiff's Complaint, the R&R, Plaintiff's Objections to the R&R, and the docket and filings in *Welty I*, the Court concludes that Plaintiff's Objections do not undermine the R&R's recommended disposition.

In so ruling, the Court agrees with Judge Eddy's conclusion that, in the allegations made in the Complaint, Plaintiff has asserted claims that are identical to those asserted in *Welty I*, and that both the present Complaint and the *Welty I* complaint arise out of the same common nucleus of operative facts.  (Docket No. 8 at 4).  The Court also agrees with Judge Eddy's finding that Plaintiff's duplicative Complaint here is malicious and must be dismissed under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A as it sets out the exact claims and circumstances at issue in *Welty I*, which were pending at the time the R&R was issued and which now appear to be resolving.  (*Id.* (citing various cases, including *Pittman v. Moore*, 980 F.2d 994, 995 (5th Cir. 1993)).  Finally, as amendment would be futile since the Complaint's deficiencies cannot be cured by amendment, the

---

[2]  The R&R states that *Welty I* is currently pending, but the Court notes that the docket in *Welty I* now indicates that the parties in that case recently executed a settlement agreement and that the matter is administratively closed pending the parties filing a stipulation of dismissal pursuant to Federal Rule of Civil Procedure 41.  (*Welty I* Docket No. 69).

Court agrees with the conclusion in the R&R that Plaintiff's Complaint here must be dismissed with prejudice.[3]  (*Id.* at 4-5).

As such, the Court will adopt the R&R as the Opinion of the Court and will dismiss Plaintiff's Complaint as malicious pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, as more specifically set forth below.  Such dismissal shall be with prejudice and without leave to amend.

Accordingly, the Court enters the following Order:

AND NOW, this 27th day of April, 2023,

IT IS HEREBY ORDERED that Plaintiff's Objections to the R&R (Docket No. 9) are OVERRULED, and the R&R (Docket No. 8) is ADOPTED as the Opinion of the Court.

IT IS FURTHER ORDERED that, for the reasons set forth in detail in the R&R, Plaintiff's Complaint is DISMISSED WITH PREJUDICE pre-service, *sua sponte*, pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A as malicious.

IT IS FURTHER ORDERED that the Clerk of Court shall mark this case CLOSED.

*/s/ W. Scott Hardy*
W. Scott Hardy
United States District Judge

cc/ecf: Joseph Welty (via U.S. Mail)

---

[3] As noted, *supra*, *Welty I* appears to be resolving since the docket in that case indicates that the parties have executed a settlement agreement.  (*Welty I* Docket No. 69).  Therefore, the concerns expressed in *Pittman v. Moore* – that a court's dismissal of a second lawsuit should be without prejudice to the plaintiff's prosecution of the duplicative pending suit – are not present here.  *See* 980 F.2d at 995.  As the *Pittman* court cautioned, "When declaring that a successive in forma pauperis suit is 'malicious' the court should insure that the plaintiff obtains one bite at the litigation apple—but not more." *Id.*